CITED in *C. & A. R. R. Co.* v. *Hillegas,* 3 *Harr.* 12–13–14; *C. & A. R. R. Co.* v. *Comm'rs of Appeal,* 3 *Harr.* 72; *Gardner* v. *State,* 1 *Zab.* 559–560; *State* v. *Comm'rs of Mansfield,* 3 *Zab.* 512; *State* v. *Branin,* 3 *Zab.* 498; *State* v. *Bentley,* 3 *Zab.* 537; *State* v. *Powers,* 4 *Zab.* 402.

---

THE EXECUTORS OF SAMUEL J. SMITH DEC'D. v. SAMUEL TUCKER.

On demurrer.

The supplement to the act for the limitation of actions, passed, 21st February, 1820, is constitutional; and provides for cases where the defendant has removed out of this State, and the cause of action accrued, prior to the passage of that supplement.

*Ten Eyck,* for plaintiff.
*Slack,* for defendant.

The state of the case sufficiently appears, in the opinion of the Court, delivered by

DAYTON, J.  This action was brought on two bonds, dated, May 17, 1813, and March 26, 1814, and the defendant has pleaded,—1st, the general issue,—2d, the statute of limitations.  To the 2d plea, the plaintiff has replied that after the cause of action accrued, and before sixteen years had expired; to wit, on the first of October, *eighteen hundred and nineteen,* the defendant re- moved from this state to Pennsylvania, where he has continued to reside, up to this time.

To this replication, there is a demurrer and joinder.

The accrual of the action in this case, as well as the time of the defendant's removal from New-Jersey, being prior to the supplement to the " Act for the limitation of actions," passed 21st February, 1820, and under which, the replication is drawn, two points are made on the part of the defendant.

1. That the supplement of 21st February, 1820, does not embrace the case.

2. That if its language do embrace the case, it is retrospective, and the Legislature had no constitutional right to pass such a law.

The counsel for the defendant submits these points, upon the argument and authorities cited in the case of *the Paterson Bank* v. *Ludlow,* 6 *Halst.* 354.

The supplement of 21st February, 1820, *Rev. L.* 670, enacts, " if any person or persons against whom there is, or shall be any such cause of action," &c. " shall not be resident in this state when such cause of action accrues, or shall remove from this state after the same shall accrue, and before the time of limitation mentioned in said sections is expired,—then the time during which, said persons shall not reside in this state, shall not be computed," &c. but "the person or persons *having,* or who may have such cause of action as aforesaid, shall be entitled to all the time mentioned," &c. for bringing the same.

Although the grammatical construction of this section, is inaccurate, yet the language, I think, applies as well to causes of action existing at its passage, as to such as should occur thereafter. The meaning of the clause, " if any person or persons, against whom there *is*, &c. any such cause of action," is so palpable, that no legislative body could have used it without meaning to embrace existing causes of action : while the argument which may be drawn from the use of the future instead of the preterite and future tenses, in the succeeding words, requires some attention to the grammatical structure of language, at once to understand. The concluding sentence of the section, speaks too, of those persons *having,* as well as those who may have such cause of action, which appears to embrace such as were then in existence, as well as those which might thereafter become so. If we give to this section, that construction which is contended for by

the defendant's counsel, we must reject all those words of the statute, which apply to present time; this ought not to be done. It is a rule in the construction of statutes, that no clause, sentence or word be considered superfluous, void or insignificant, if it can be prevented. 1 *Show.* 108; *Rex* v. *Burchett, Hard.* 344. 1 *Harr. R.* 286.

But inasmuch as the act saves the remedy against such persons as *shall* not be resident in this State, when such cause of action accrues, or *shall* remove, &c. after the same *shall* accrue, it would appear by the letter of this part of the section, not to include the present case, it is well that we go farther and examine whether the case is within the intent and policy of the statute.

This supplement of 1820, repeals and supplies the place of the 8th *section* of the act of 1799. That act saved the party's right of action against any person who was " out of the state," at the time of the cause of action accruing. And this saving, by the terms of the statute, was, I think, clearly *r:trospective;* or in other words, applied to causes of action, existing at and prior to its passage. The intent of the supplement was principally to correct two evils—one growing out of the construction put upon the words, " out of this State,"—the other growing out of the removal of defendant from the State, after the cause of action had accrued, and before the time limited had expired.

It was not intended, as I apprehend, to exclude any cases which had before been included, but to include some cases which had before been excluded. That the Legislature intended to include all those cases which had been provided for by the 8th *section* of the original act, is evident from the fact, that upon passing the supplement, that section was at the same time repealed. This would certainly not have been done had it been supposed that any cases were embraced under that section, which were not provided for in the supplement. And unless we give it this construction, we destroy in some measure the ends and object of the statute. We leave all that large class of cases where the causes of action had accrued prior to the passage of the supplement, unprovided for. This ought not to be. Every statute should be so construed, as to suppress the mischief, and advance the remedy.

A different construction, instead of this, would, (in reference to existing causes of action,) greatly aggravate existing evils—for by the appeal of the original act, all those cases which were embraced within it, became wholly unprovided for. This case therefore, I hold to be within the spirit and intent of the act, and if it were not within its letter, (which is not admitted) I should feel bound to give it such construction as would embrace the case. 4 *Bac. Title, Statute, letter I.* 647–8. 1 *Kent,* C. 462, 15 *J. R.* 358.

2. But it is further contended, that if this case be within the terms of the Statute, the Legislature had no constitutional right to pass such a law.

We are again referred to the argument and authorities cited in the case of *The Paterson Bank* v. *Ludlow,* 6 *Halst.* 357–8.

But the abstract principles there stated, and the authorities cited to support them, have little to do with the present question. This Statute may operate on existing causes of action, yet divest no vested right, vary no contract, nor limit existing liabilities. On the contrary, the object of the Statute is directly the reverse of all this. Instead of abridging or altering in any way, the obligation of the contract, its whole effect is to *extend the remedy* to enforce it. There is, it may be true, a tacit consent, that a contract shall be governed by the laws existing at the time it is made; but this principle has nothing to do with the remedies which may be enacted to enforce it. The right to limit the time in which actions may be commenced even on existing contracts, is unquestioned—if not, there are many unconstitutional acts in our Statute book. On Sheriff's bonds, for instance, the remedy on such as were given prior to the statute, as against the sureties, was limited to six years, and against the principal to nine years after the passage of the act; and a similar limitation, allowing less time only, has been made on Constable's bonds given prior to the passage of the act. So too, our act of limitations respecting titles to land, passed 5th June, 1787, limits the time in which suits may be commenced, and operates *retrospectively*, as well as prospectively. *Den* v. *Scott,* 4 *Wash. C. C. R.* vid. also, *Penn's Lessee* v. *Ingraham,* 2 *Wash. C. C. R.* 487. *Hart* v. *Lamphere,* 3 *Peters,* 290.

But even this question is not fairly in issue now; for here there is no limitation, but a mere extension of the remedy against such

as- do not reside in, or have removed from the State. This matter concerns the practice of our courts, merely; it is a part of the *lex fori;* and may be altered or modified at the pleasure of the Legislature. *Sturges* v. *Crowninshield,* 4 *Wheat.* 122. *Hawkins et al.* v. *Barney's Lessee,* 5 *Peters, R.* 457.

Judgment must be entered for the plaintiff, on demurrer, with costs.

HORNBLOWER, C. J. FORD, J. and WHITE, J. concurred. NEVIUS, J. *dubitatur.*

*Judgment for plaintiff, on the demurrer, with costs.*